IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BART MATTHEWS | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-00972-M |
| | § | |
| JPMORGAN CHASE BANK, NA, and | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion for More Definite Statement [Docket Entry #5]. For the reasons explained below, the Motions is **DENIED**.

I. BACKGROUND AND PROCEDURAL HISTORY

In 2001, Plaintiff obtained a mortgage loan (the "Note") from Bank One, the proceeds of which were used by Plaintiff to purchase the property located at 8681 FM 429, Kaufman, Texas 75142 (the "Property"). Plaintiff executed a Deed of Trust, which secured payment of the Note. JPMorgan Chase Bank, N.A. ("JPMC") later acquired the Note.

In 2010, Plaintiff fell behind on his required payments. On November 2, 2010, JPMC foreclosed on the Property and, according to Plaintiff, subsequently conveyed the Property to the Federal National Mortgage Association ("FNMA").

On January 18, 2011, Plaintiff was served with process in a forcible detainer action in the Justice of the Peace Court, which, according to Plaintiff, was the first notice he received of acceleration of the Note and foreclosure. Plaintiff contested the eviction action and sought a

temporary restraining order and permanent injunction against FNMA. Plaintiff was unsuccessful and appealed to Kaufman County Court, where the case was set for trial on April 27, 2011.[1]

On April 27, 2011, Plaintiff filed a new suit in Kaufman County Court, claiming wrongful foreclosure because JPMC and/or FNMA did not satisfy the notice requirements of Texas Property Code § 51.002(b) and 51.002(d).

On May 10, 2011, JPMC timely removed Plaintiff's suit to this Court. JPMC and FNMA now jointly move to dismiss Plaintiff's suit or, in the alternative, for a more definite statement.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support.[2] While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."[3] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[4] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief.[5] The court may consider documents attached to or incorporated in the complaint in deciding a motion to dismiss.[6]

---

[1] The papers filed in this Court do not reveal whether the scheduled April 27, 2011 hearing took place.
[2] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).
[3] *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[4] *Twombly*, 550 U.S. at 570.
[5] Fed. Rule Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1950.
[6] *Telltabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

III. ANALYSIS

Plaintiff alleges wrongful foreclosure because JPMC purportedly posted his property for foreclosure without completing notice requirements under Texas Property Code §§ 51.002(b) and 51.002(d). Defendants move to dismiss the claim because Plaintiff's Original Petition does not allege any facts to support a wrongful foreclosure claim.

Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price for the property.[7] A party may rely on a common law theory of wrongful foreclosure only when the party has suffered a loss or injury due to inconsistencies or irregularities in the foreclosure process.[8] Consequently, a debtor may recover damages on such a theory only if the lender (1) fails to comply with statutory or contractual terms, or (2) complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings.[9] Section 51.002 of the Texas Property Code governs a foreclosure sale of real property pursuant to a deed of trust and provides specific requirements as to the time and place a foreclosure sale must be held, as well as to the notices that must be given prior to the sale.[10] There is no requirement under the statute that personal notice be given to persons who were not parties to the deed of trust.[11]

---

[7] *American Sav. & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 587 (Tex. 1975); s*ee also Cuauhtli v. Chase Home Finance LLC*, No. 406-cv-472-A, 2007 WL 548759, at *4 (N.D. Tex. Feb. 22, 2007).
[8] *See Wieler v. United Sav. Ass'n of Texas*, 887 S.W.2d 155, 158 (Tex. App.—Texarkana 1994), *writ denied per curiam*, 907 S.W.2d 454 (Tex. 1995).
[9] *Houston Omni USA Co. v. Southtrust Bank Corp.*, No. 01-07-00433-CV, 2009 WL 1161860, at *6 (Tex. App.—Houston [1 Dist.] 2009, no pet.); *First State Bank v. Keilman*, 851 S.W.2d 914, 921-22 (Tex. App.—Austin 1993, no writ).
[10] *See, e.g.*, Tex. Prop. Code Ann. § 51.002(b) (Vernon 2007) (notice of sale); *id.* § 51.002(e).
[11] *American Sav. & Loan Ass'n of Houston*, 887 S.W.2d at 588 (quotations omitted); *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied) (Under Section 50.002, court held that "[t]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust.").

It is reasonable to infer from Plaintiff's allegation that JMPC "conveyed" the Property to FNMA that the Property was *sold*, and from Plaintiff's allegation that JPMC "failed to provide" Plaintiff acceleration or foreclosure notices that JPMC did not *send* the notices as required under Texas Property Code § 51.002. While Plaintiff does not explicitly allege that an inadequate sale price was recovered for the Property, the Court is not convinced by the cases cited by Defendants, which generally relate to technical errors in the foreclosure process, that a plaintiff given no notice of an opportunity to cure cannot sue for wrongful foreclosure.

IV. CONCLUSION

For the reasons stated above and because the Court finds Plaintiff's allegations sufficient to put Defendants on notice of the claims against them, Defendants' Motion to Dismiss or, in the Alternative, Motion for More Definite statement is **DENIED**.

**SO ORDERED.**

August 1, 2011.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**